**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 07-14377-CIV-MOORE

CENTURY LAND DEVELOPMENT, L.P., et al.,

      Plaintiffs,

v.

FFL DEVELOPMENT, L.L.C., et al.,

      Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

THIS CAUSE came before the Court upon Defendant's Safe Harbor Realty, LLC d/b/a
Keller Williams Realty of the Palm Beaches ("Defendant" or "Keller"), Motion to Dismiss (dkt #
40). Plaintiff, Century Land Development, L.P. ("Plaintiff"), filed a Response in Opposition (dkt
# 46). A Reply (dkt # 50) was also filed.

UPON CONSIDERATION of the Motion, Response, Reply, and being fully advised in
the premises, the Court enters the following order:

### I.    BACKGROUND

This dispute emanates from a St. Lucie County, Florida land sale. See Amd. Compl. at 5.
Plaintiff, the buyer in this transaction, traveled from Pennsylvania to purchase Florida real estate
for multi-unit development. Id. Plaintiff met with Defendant, Gerri Weits, who was a Keller
Williams realty agent. Id. at 6. Plaintiff, and Weits acting as Plaintiff's agent, met with
Defendant real estate broker Clark French. Id. French owns French & Co., a brokerage firm that,
among other things, aides out of state developers through the South Florida permitting and
building process. Id.

In his initial discussion with Plaintiff, French offered to sell Plaintiff a 1.79 acre parcel of oceanfront property in Indian River County, Florida ("parcel"). Id. The parcel was advertised as a site where Plaintiff could build a multi-unit development. Id. The parcel was actually owned by Defendant FFL, which consisted of Defendants French, Lombardi, and Foglia. Id. at 7. Plaintiff did not immediately purchase the vacant land, but continued speaking with French about the parcel and the logistics of obtaining county approval for multi-unit development. Id. Weits, Plaintiff's agent, analyzed the profitability of the parcel and French provided reassurance that the County would approve the parcel's multi-unit development site plan. Id. at 8. Based upon this information, Plaintiff contracted to purchase the parcel for $4.9 million. Id.

During the executory period, Plaintiff met with French and some individuals French recommended regarding permitting for the parcel. Id. At the permitting discussion, French and his consultants concluded that because the County had previously, tacitly approved a conceptual site plan for the parcel, approval of Plaintiff's site plan could be accomplished in under six months. Id. at 9. The closing took place on April 21, 2006 with French's and Weits' respective agencies each receiving $122,500.00 in commission. Id. Following the closing, Plaintiff learned that the parcel could not be utilized for multi-unit development and that development was limited to one (1) single family home. Id. at 10. The value of the parcel would be greatly diminished if it could only support one single family home rather than a multi-unit development such as townhouses. Id.

As a consequence of the above described transaction, Plaintiff filed a ten (10) count complaint against parcel owner FFL Development, FFL's individual members, French, Lombardi, and Foglia, real estate brokerages French & Co. as well as Keller Williams Realty, and against

2

agent Gerri Weits, individually. Id. at 11-24. In the complaint, Plaintiff alleges three counts specifically naming Keller Williams Realty and agent Weits. Plaintiff claims Defendants breached their fiduciary duty, were professionally negligent, and committed constructive fraud. Id.

## II.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). However, as long as the allegations rise above a speculative level, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (overruled on other grounds by Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959-60 (2007) (citation omitted). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

## III.    DISCUSSION

In the Amended Complaint, Plaintiff alleges three counts against Defendant Keller. Plaintiff asserts that Defendant owed Plaintiff a fiduciary duty as its agent and this duty was breached when Defendant misrepresented the parcel's value, comparable sales value, and suitability for multi-unit development. In addition, Plaintiff argues that Defendant was

3

professionally negligent and committed constructive fraud in its failure to reasonably assist

Plaintiff and protect its interests during purchase of the parcel.

Plaintiff and Defendant FFL executed a contract ("Contract") for purchase of the parcel.

Defendant Keller was not a party to the Contract, but rather its relationship is incidental as a

broker.[1]  Section 16, however, is one portion of the contract that specifically pertains to and

governs Defendant's conduct and liability.  Section 16 states:

> PROFESSIONAL ADVICE; BROKER LIABILITY: Broker advises Buyer and Seller to Verify all facts and representations that are important to them and to consult an appropriate professional for legal advice (for example, interpreting contracts, determining the effect of laws on the Property and transaction, status of title, foreign investor reporting requirements, etc.) and for tax, property condition, environmental and other specialized advice.  Buyer acknowledges that Broker does not reside in the Property and that all representations (oral, written or otherwise) by Broker are based on Seller representations or public records.  Buyer agrees to rely solely on Seller, professional inspectors and governmental agencies for verification of the Property condition and facts that materially affect Property value.  Buyer and Seller respectively will pay all costs and expenses, including reasonable attorneys' fees at all levels, incurred by Broker and Broker's officers, directors, agents and employees in connection with or arising from Buyer's or Seller's misstatement or failure to perform contractual obligations.  Buyer and Seller hold harmless and release Broker and Broker's officers, directors, agents and employees from all liability for loss or damage based on (1) Buyer's or Seller's misstatement or failure to perform contractual obligations; (2) Broker's performance, at Buyer's and/or Seller's request, of any task beyond the scope of services regulated by Chapter 475, F.S., as amended, including Broker's referral, recommendation or retention of any vendor; (3) products or services provided by any vendor; and (4) expenses incurred by any vendor.  Buyer and seller each assume full responsibility for selecting and compensating their respective vendors.  This paragraph will not relieve Broker of statutory obligations.  For purposes of this paragraph, Broker will be treated as a party to this Contract.  This paragraph will survive closing.

Section 16 applies to Defendant Keller and serves to limit its liability resulting from Plaintiff's

purchase of the parcel.  The terms of Section 16, however, do not remove liability for tasks

within "the scope of services regulated by Chapter 475, F.S."  Chapter 475 regulates the real

---

[1]Under the same reasoning articulated in this Court's Order Denying Motion to Stay (dkt # 37), Section 6 "LAND USE" of the Contract pertains to buyer and seller, not agent/broker. Therefore, at least at this juncture, Defendant Keller has not put forth any compelling argument as to why section 6 relieves it of its fiduciary and professional duty.

estate profession and requires brokers, such as Defendant Keller, to deal honestly and fairly, use skill, care, and diligence. See Fla. Stat. § 475.278. Further, §475.25 "Discipline" imposes sanctions upon real estate professionals for culpable negligence, breach of trust, or violations of a duty imposed by law. . .in a real estate transaction, or where there has been a violation of § 475.278. See Fla. Stat. § 475.25.

At this stage of the proceeding, without the benefit of discovery, and viewing the facts in the light most favorable to the Plaintiff, this Court cannot find as a matter of law that Plaintiff's claims for breach of fiduciary duty, professional negligence, and constructive fraud are baseless or barred by section 16. Therefore, Plaintiff's Counts VII, VIII, and IX[2] remain.[3]

## IV.    CONCLUSION

It is ORDERED AND ADJUDGED that Defendant Keller's Motion to Dismiss Amended Complaint (dkt # 40) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _24th_ day of April, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record

---

[2] Plaintiff's Amended Complaint contains a typographical error misnumbering Count IX for constructive fraud as Count VII.

[3] Plaintiff's claims, as currently alleged against Defendant, stem from Keller's negligent or fraudulent representations, and not a breach of contract action, thus, the economic loss does not bar Plaintiff's claims. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So. 2d 1238, 1239 (Fla. 1996).