IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-14377-CIV-MOORE/LYNCH

CENTURY LAND DEVELOPMENT, L.P., et al.,

    Plaintiffs,

v.

GERRI A. WEITS, and SAFE HARBOR
REALTY, LLC d/b/a KELLER WILLIAMS
REALTY OF THE PALM BEACHES,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GERRI A. WEITS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT KELLER WILLIAMS REALTY OF THE PALM BEACHES' MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE came before the Court upon Defendant Keller Williams Realty of the Palm Beaches' Motion for Summary Judgment (dkt # 89) and Defendant Gerri A. Weits' Motion for Summary Judgment (dkt # 95).

UPON CONSIDERATION of the Motions, Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following order.

**I.    BACKGROUND**

This dispute emanates from a land sale in St. Lucie County, Florida. See Am. Compl. at 5 (dkt # 34). Plaintiffs Century Land Development L.P., Century Land Development Company, and Mark Powell ("Powell") (collectively, the "Plaintiffs"), purchased a parcel of Florida real estate for multi-unit development. Id. Prior to the purchase, Powell met with Defendant Gerri Weits ("Weits"), who was a realtor affiliated with Safe Harbor Realty, LLC, d/b/a Keller Williams Realty of the Palm Beaches ("Keller Williams"). Id. at 6. Powell, with Weits acting as

Plaintiffs' realtor, met with Defendant real estate broker Clark French ("French"). Id. French owns French & Co., a brokerage firm that, among other things, aides out of state developers with the permitting and building process. Id.

French offered to facilitate the sale to Plaintiffs of a 1.79 acre parcel of oceanfront property in Indian River County, Florida (the "Parcel"). Id. The Parcel was advertised as a site where Plaintiffs could build a multi-unit development. Id. The Parcel was actually owned by Defendant FFL Development LLC ("FFL"), which consisted of Defendants French, Victor Lombardi ("Lombardi"), and Joseph Foglia ("Foglia"). Id. at 7. Plaintiffs did not immediately purchase the vacant land, but continued speaking with French about the Parcel and the logistics of obtaining county approval for multi-unit development. Id. Weits, at Plaintiffs' request, analyzed the profitability of the parcel and French provided reassurance that the County would approve the Parcel's multi-unit development site plan. Id. at 8. Based upon this information, Plaintiffs contracted to purchase the parcel for $4.9 million. Id.

During the executory period, Powell met with French and some individuals French recommended to discuss acquiring the permits necessary to develop the Parcel. Id. At the meeting, French and his consultants stated that because the County had previously tacitly approved a conceptual site plan for the parcel, approval of Plaintiffs' site plan could be accomplished in under six months. Id. at 9. The closing took place on April 21, 2006, with French's and Weits' respective agencies each receiving $122,500.00 in commissions. Id. Following the closing, Plaintiff learned that the Parcel was not zoned for multi-unit development and that development was limited to one single-family home. Id. at 10. As a result, the value of the parcel to Plaintiffs was much lower than Plaintiffs anticipated. Id.

Plaintiffs subsequently filed a ten-count complaint against FFL, the seller; FFL's individual members, French, Lombardi, and Foglia; real estate brokerages French & Co. and Keller Williams; and Weits. Id. at 11-24. In the Amended Complaint (dkt # 34), Plaintiff alleged three counts against Weits and Keller Williams, including breach of fiduciary duty, professional negligence, and constructive fraud. Id. In an Order dated April 24, 2008, this Court granted Defendants FFL, French, Lombardi, Foglia, and French & Co.'s Motion to Dismiss (dkt # 54), dismissing all claims against each of these Defendants.

## II.   STANDARD OF REVIEW

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However,

the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## III.   DISCUSSION

In the Amended Complaint, Plaintiff alleges three counts against Defendants Weits and Keller Williams. Plaintiffs assert that Weits and Keller Williams owed Plaintiffs a fiduciary duty as their agent and that this duty was breached when Weits misrepresented the Parcel's value, the sales value of other properties, and the Parcel's suitability for multi-unit development. In addition, Plaintiffs argue that Weits and Keller Williams were professionally negligent and committed constructive fraud through their failure to reasonably assist Plaintiffs in protecting their interests during purchase of the Parcel.

### A. Breach of Fiduciary Duty

Plaintiffs' allege that Weits and Keller Williams breached a fiduciary duty owed to Plaintiffs. Section 475.278, Florida Statutes, creates a presumption that a broker is acting as a transaction broker, where no written agreement of a single agent relationship has been executed. § 475.278.(1)(b). A transaction broker is one who "provides limited representation to a buyer, a seller, or both, in a real estate transaction, but does not represent either in a fiduciary capacity or as a single agent." § 475.01(l), Fla. Stat; *see* § 475.278(2)(a). A single agent is a broker who represents, as a fiduciary, either the buyer or seller but not both in the same transaction.

§ 475.01(k), Fla. Stat. Accordingly, a broker who has not executed a written single agent agreement with a principal has no fiduciary duty to the principal because a written agreement is the only means provided by the statute for rebutting the transaction broker presumption. *See* Burchfield v. Realty Executives, 971 So.2d 138, 139-40 (Fla. 5th DCA 2007). In lieu of a fiduciary relationship, § 475.278(2)(a) sets forth specific duties that a transaction broker owes to a principal, including a duty to deal honestly and fairly, use skill, care, and diligence, and to ensure limited confidentiality. See Fla. Stat. § 475.278(2)(a).

The enactment of § 475.278 supplanted the common law fiduciary duty that formerly existed between a broker and principal. A statute "'designed to change the common law rule must speak in clear, unequivocal terms, for the presumption is that no change in the common law is intended unless the statute is explicit.'" Kitchen v. K-Mart Corp., 697 So.2d 1200, 1207-08 (Fla. 1997) (quoting Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 364 (Fla. 1977)). Section 475.278 "unequivocally replaces the fiduciary duty owed by real estate brokers at common law with a more narrowly defined set of statutory duties." Burchfield, 971 So.2d at 139. Here, Plaintiffs did not execute a written single agent agreement with Weits. Thus, Weits did not have a fiduciary relationship with Plaintiffs, and Plaintiffs' claim against Weits for breach of fiduciary duty must fail. Likewise, Keller Williams may not be held vicariously liable for breach of fiduciary duty.

B. Professional Negligence

1 Professional Negligence Claim Against Weits

In the absence of a fiduciary duty, any duties that Defendants owed to Plaintiffs arose from the statutory obligations found in § 475.278. When these duties are violated, a party seeking a remedy may bring a negligence claim. *See* Read v. Taylor, 832 So.2d 219, 224 (Fla.

5

4th DCA 2002). A professional negligence claim, however, is a cause of action that is only applicable to a vocation requiring at least a four-year college degree before licensing is possible. Moransis v. Heathman, 744 So.2d 973, 976 (Fla. 1999) (holding that a professional, within the meaning of the statute of limitation applying to professional malpractice, §95.11(4)(a), Fla. Stat., only includes vocations requiring a four-year college degree prior to obtaining a license). A four-year degree is not a required qualification for licensing as a realtor in Florida. § 475.17(1)(a). Therefore, a claim for professional negligence may not be brought against a realtor, as long as the conduct at issue does not arise from other overlapping professional services.

While ordinary negligence is not one of the enumerated counts, the absence of a relevant legal theory in the complaint is not fatal, as long as the facts alleged support a viable cause of action. Under the Federal Rules of Civil Procedure, a plaintiff need not provide notice in the complaint of the legal theory supporting a claim. *See* Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co., Inc., 192 F.3d 724, 733 (7th Cir. 1999) ("The only function the pleadings must serve is to give notice of the claim; the development of legal theories and the correlation of facts to theory come later in the process."); Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992) ("Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it. [T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal."); Berger v. Ohio Table Pad Co., 539 F. Supp.2d 1069, 1090 n.3 (N.D. Ind. 2008).

Here, Plaintiffs contend that Weits breached her duty to Plaintiffs by failing to adequately provide Plaintiffs with a valuation for the Parcel based on appropriate comparisons with similar properties. Specifically, Plaintiffs allege that Weits was negligent in assessing the value per

6

square foot that townhouses built on the Parcel could sell for because she compared properties not suitable for comparison, improperly relied on the valuations of properties provided by French and other Defendants, and failed to ascertain the value of adjacent properties which were suitable for comparison. Plaintiffs maintain that they relied on Weits' inflated valuations in deciding to purchase the Parcel. While more accurate valuations may have been futile in terms of ultimate profitability, given the zoning restrictions, they may have prevented Plaintiffs from purchasing the Parcel in the first instance. In light of Weits' duty to provide property valuation information using skill, care and diligence, there is a material issue of fact as to whether Weits was negligent in providing these valuations.

Weits did not owe Plaintiffs a duty to ascertain the legal status of the Parcel's zoning. Absent a knowing misrepresentation concerning the Parcel's zoning, of which no allegations have been made, legal determinations concerning zoning are beyond the scope of a realtor's qualifications and therefore are not covered by the duties arising from § 475.278. Therefore, Weits cannot be found negligent for failing to ascertain the zoning issues.

### 2. Professional Negligence Claim Against Keller Williams

#### a. Vicarious Liability

Plaintiffs claim that Keller Williams is vicariously liable for Weits' alleged negligence. Generally, an employer is not liable for the torts of an independent contractor. Hubbard Const. Co. v. Orlando/Orange County Expressway Auth., 633 So.2d 1154, 1155 (Fla. 5th DCA 1994); Georgia-Pacific Corp. v. Charles, 479 So.2d 140, 142 (Fla. 5th DCA 1985). The factors to be considered in determining whether a person is a servant or an independent contractor include:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work; (b) whether or not the one employed is engaged in a distinct occupation or business; (c) the kind of occupation, with reference to whether, in the

locality, the work is usually done under the direction of the employer or by a specialist without supervision; (d) the skill required in the particular occupation; (e) whether the employer or workman supplies the instrumentalities, tools, and a place of work for the person doing the work; (f) the length of time for which the person is employed; (g) the method of payment, whether by the time or by the job; (h) whether or not the work is a part of the regular business of the employer; (i) whether or not the parties believe they are creating a relation of master and servant; and (j) whether the principal is or is not in business.

Freedom Labor Contractors of Fla., Inc. v. State of Fla., Div. of Unemployment Comp., 779 So.2d 663, 665 (Fla. 3d DCA 2001) (quoting Restatement (Second) of Agency §§ 220(2) (1958)). Weits and Keller Williams entered into an Independent Contractor Agreement (the "Agreement"), dated June 29, 2005 (dkt # 89-2). The Agreement provides, in relevant part, that Keller Williams engaged Weits "as an independent contractor and not as an employee," that Weits was "free to determine [] her own business hours and to choose [] her own target clients, marketing techniques and sales methods," and that Weits had "no authority to incur obligations" on behalf of Keller Williams. Agreement (dkt # 89-2). The Agreement also provides that Weits agreed to "conduct business in compliance with the standards of Agent conduct prescribed by [Keller Williams]; with local, state and federal laws that govern real estate brokerage; and with the By-Laws and Codes of Ethics of each trade and professional organization of which [Weits] is a member." Id. The Agreement also required Weits to list all real estate listings in the name of Keller Williams, and to abide by Keller Williams' policies concerning unsolicited sales practices, privacy issues, registration of domain names, use of the Keller Williams' trade name and logo, and the use of metatags on the internet. Weits was also required to close a minimum amount of transactions, attend certain classes concerning policies and procedures, and comply with Keller Williams' employment policies and guidelines. Dep. of Charles Possess, at 75, 82. Keller Williams facilitated the purchase of Errors and Omissions insurance by Weits and other realtors,

which was paid for by the realtors from a fixed sum that the realtors paid to Keller Williams on a monthly basis. Id. at 87-88. Keller Williams also arranged for discounted group rate newspaper advertising. Id. at 91.

Given that the factors used to determine whether a person is a servant or an independent contractor call for an assessment of the character of the relationship between the parties at issue, the existence of an independent contractor agreement does not ensure the a person is an independent contractor, where other objective factors suggest otherwise. The distinction between a servant and an independent contractor is that the former engages in "service in which the actor's physical activities and his time are surrendered to the control of the master," while the latter undertakes "service under an agreement to accomplish results or to use care and skill in accomplishing results." Restatement (Second) of Agency § 220, Comment on Subsection (2), (e)

Here, the evidence does not support a master-servant relationship between Weits and Keller Williams. The control that Keller Williams retained over Weits, which essentially restricts Weits from engaging in illegal or unethical conduct and requires Weits to abide by certain policies, does not create sufficient control over the core aspects of Weits' duties to manifest a master-servant relationship. The Agreement states that Weits' was independently responsible for client development, marketing and determining her work schedule, and there is no evidence in the record that the relationship between Weits and Keller Williams was otherwise. Weits was also paid on a commission basis and it is clear that Weits and Keller Williams understood Weits to be an independent contractor. Furthermore, Weits' work as a realtor, which has specific licensing requirements in the state of Florida, is not the kind of unskilled labor that is typically indicative of a master-servant relationship. *See* Restatement (Second) of Agency § 220, Comment on Subsection (2), (i). While the level of skill required is not dispositive, Weits'

9

activities as a realtor weigh against a finding of a master-servant relationship. Each of these facts supports the conclusion that Weits was an independent contractor. Taking the facts in the aggregate, viewing them in the light most favorable to Plaintiffs, and considering the relevant factors governing the existence of a master-servant relationship, the evidence is sufficient as a matter of law to conclude that Weits was an independent contractor. There is not sufficient countervailing evidence in the record to support a conclusion to the contrary. Accordingly, there is no issue of material fact concerning Keller Williams' vicarious liability for Weits' conduct.

### b. Negligence

There is not evidence to support a direct claim of negligence against Keller Williams. Plaintiffs' negligence claim is based on Weits' failure to use skill, care and diligence in providing Plaintiffs with a valuation for the Parcel based on comparisons with other similar properties. There is no evidence that an employee of Keller Williams assisted in providing the valuations or that Keller Williams was responsible in any other way for the valuations.[1] Therefore, there is no issue of material fact concerning a direct claim of negligence against Keller Williams.

### C. Constructive Fraud

Plaintiffs also bring a claim of constructive fraud against Weits and Keller Williams. "A constructive fraud is deemed to exist where a duty under a confidential or fiduciary relationship has been abused." Rogers v. Mitzi, 584 So.2d 1092, 1094 (Fla. 5th DCA 1991); *see also* Taylor v. Kenco Chemical & Mfg. Corp., 465 So.2d 581, 589 (Fla. 1st DCA 1985) (holding that a confidential or fiduciary relationship is a necessary element of a constructive fraud claim). Plaintiffs' constructive fraud claim is based on Weits' failure to adequately provide Plaintiffs with

---

[1] As stated in subsection (B)(1) of this Order, Weits did not owe Plaintiffs a duty to ascertain the legal status of the Parcel's zoning. This holding also applies to Keller Williams.

10

a valuation for the Parcel based on comparisons with similar properties. Even if Weits was negligent in providing valuation information, however, the limited confidential relationship owed by Weits to Plaintiffs under §475.278 contemplates a duty on the part of the broker not to disclose certain confidential information to third-parties. See §475.278(2)(a)(6) (providing examples of instances where the duty of limited confidentiality applies). Plaintiffs' do not allege that Weits disclosed to third-parties sensitive information of the kind enumerated in § 475.278(2)(a)(6). Accordingly, Plaintiffs' constructive fraud claim against Weits and Keller Williams fails because there is no issue of material fact concerning whether Weits abused a confidential or fiduciary relationship.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant Keller Williams Realty of the Palm Beaches' Motion for Summary Judgment (dkt # 89) is GRANTED. It is further

ORDERED AND ADJUDGED that Defendant Gerri A. Weits' Motion for Summary Judgment (dkt # 95) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to the breach of fiduciary duty and constructive fraud claims and DENIED with respect to the negligence claim.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of January, 2009.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

11